IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Barbara Rose

and

Robert L. Rose,

Plaintiffs,

-vs-

Truck Centers, Inc., et al.,

Defendants.

Consolidated Case Nos.
07 CV 3196
07 CV 3604

MEMORANDUM OPINION
AND ORDER

JUDGE JACK ZOUHARY

## INTRODUCTION

Before this Court is Plaintiff Barbara Rose's Motion for Relief from Judgment (Doc. No. 120) pursuant to Federal Civil Rule 60(b). Defendant TRW Automotive (TRW) filed an Opposition (Doc. No. 122), to which Plaintiff replied (Doc. No. 124).

## BACKGROUND

Plaintiff was a passenger in a single-vehicle truck accident in 2006. As a result of the accident, Plaintiff sustained serious injuries. Plaintiff filed a product liability claim against TRW, the manufacturer of the truck's steering gear.

This Court granted Defendant's Motion for Summary Judgment (Doc. No. 118), concluding that testimony from Plaintiff's expert, Philip Smith, was inadmissible under Federal Evidence Rule 702, both because Smith was unqualified and because his opinion on the issues of defect and

causation was unreliable. With no admissible evidence to establish defect and causation, this Court found that Plaintiff failed to create a genuine issue of material fact, and therefore this Court dismissed the case.

### STANDARD OF REVIEW

The premise behind Rule 60(b) is grounded in balancing the "need for justice against the value of finality of judgments." *See* 12 MOORE'S FEDERAL PRACTICE § 60.02[2], n.6 (3d ed. 2008). It follows that relief from judgment may be granted only for certain specified reasons:

1. mistake, inadvertence, surprise, or excusable neglect;

2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4. the judgment is void;

5. the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6. any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In reviewing a motion under Rule 60(b), this Court's inquiry is limited to determining whether one of the specified circumstances exists entitling Plaintiff to reopen the merits of her underlying claims. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).

### DISCUSSION

In her Motion, Plaintiff makes two arguments. First, she argues that even if Smith's expert testimony is inadmissible, there remain "issues of fact that should have been left to the jury to decide regarding the condition of the loosened bolts and their effect on the expert's conclusions. That is, a

2

jury could still reasonably conclude that the steering gear was defective without expert testimony" (Doc. No. 120, p. 3). Second, Plaintiff argues that this Court erred when it found Smith's testimony was based on the false assumption the bolts were in the same place when he inspected the steering gear as they were immediately after the accident. Plaintiff argues this fact does not go to the issue of admissibility of the testimony, but rather is but one fact for the jury to consider when deciding what weight to afford Smith's testimony.

In her briefing on the Motion for Summary Judgment, Plaintiff never argued that she could prove her prima facie case absent testimony from her expert witness. In *Broach v. City of Cincinnati*, 244 F. App'x 729, 735 (6th Cir. 2007), the court held that "[p]laintiffs waived any argument pursuant to Rule 60(b)(6) . . . by failing to raise it below." In so holding, the court reasoned that "[p]arties cannot employ Rule 60(b) . . . 'as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise.'" *Id.* at 734 (*quoting Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)).

Furthermore, at oral argument, Plaintiff's counsel specifically admitted that should her expert's testimony be held inadmissible, summary judgment was appropriate. The doctrine of judicial estoppel "prevents a party from contradicting previous declarations made during the same or earlier proceeding if the change in position would adversely affect the proceeding or constitute a fraud on the court." BLACK'S LAW DICTIONARY (8th ed. 2004). The Sixth Circuit has described judicial estoppel as "an equitable doctrine that preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success in one position, then arguing the opposite to suit an exigency of the moment." *Lorillard Tobacco Co. v. Chester, Wilcox & Saxbe*, 546 F.3d 752, 757 (6th Cir. 2008) (internal quotation marks omitted).

Here, Plaintiff's position that "a jury could still reasonably conclude that the steering gear was defective without expert testimony" (Doc. No. 120, p. 3) directly contradicts her counsel's remarks to this Court during oral argument: "At that hearing, Plaintiffs conceded that without admissible expert testimony from Smith, summary judgment would be appropriate for Defendant" (Doc. No. 118, p. 2). Therefore, Plaintiff is estopped from taking a contrary position at this juncture.

Moreover, Plaintiff is wrong. Expert testimony was properly excluded and, without expert testimony, Plaintiff cannot sustain a products liability action. *See Stark v. Armstrong World Indus., Inc.*, 21 F. App'x 371, 376 (6th Cir. 2001) ("The total failure to show that the defect caused or contributed to the accident will foreclose as a matter of law a finding of strict products liability.").

Plaintiff's second argument is that the reliability of Smith's testimony is "an issue of fact which goes to the jury and is not a basis for finding his testimony inadmissible" (Doc. No. 120, p. 3), claiming this Court usurped the jury's function when it excluded Smith's testimony. Plaintiff cites no legal authority in support of this position. To the contrary, the United States Supreme Court has specified that it is the trial court's responsibility to determine the admissibility of expert testimony. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) ("[U]nder the Rules [of Evidence] the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."). The reliability of expert testimony is not a question for the jury but a question for the Court in its "gatekeeper" function. *Id.* Therefore, this Court did not err and did not impinge on the jury's role when it concluded Smith's testimony was inadmissible.

4

**CONCLUSION**

Plaintiff cannot show that "exceptional or extraordinary circumstances" exist which warrant relief under Civil Rule 60(b). *See Broach*, 244 F. App'x at 735. For all the foregoing reasons, Plaintiff's Motion for Relief from Judgment (Doc. No. 120) is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 17, 2009